## HERNÁNDEZ v. THE REGISTER OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San German.

No. 80.—Decided January 12, 1911.

MORTGAGE—TAXES—SALE OF MORTGAGED ESTATE FOR SATISFACTION OF TAXES—
RECORD.—Although a mortgage directly and immediately binds the property upon which it is constituted to the fulfilment of the obligation secured by it, yet the award of a joint ownership in a mortgaged estate made to the appellant in payment of his credit cannot in this case be recorded in his favor, because a *cautionary notice to have effect during 120 days, referring to the same joint ownership sought to be recorded,* appears in favor of a person other than the one against whom foreclosure proceedings were instituted, which cautionary notice is still in force, having been entered by virtue of a deed of sale of all the estate, made at public auction for the satisfaction of taxes. Thus, the provision of article 20 of the Mortgage Law, instead of being violated, was complied with.

The facts are stated in the opinion.

The appellant appeared on his own behalf.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In the District Court of Mayagüez foreclosure proceedings, under the title of *Agustín Hernández* v. *Crispina Arán Cuascó,* were instituted, said proceedings terminating with the judicial sale of the mortgaged property and adjudication thereof to the plaintiff. A deed of sale was duly executed to him by the marshal on October 22, 1910, before a notary public. This deed having been presented by the vendee at the Registry of Property of San Germán, the registrar refused to record the same because the joint ownership to which the deed referred appeared recorded in favor of a person other than the one against whom the proceedings had been instituted.

An appeal from said decision having been taken to the Supreme Court, the appellant alleged that the registrar had violated articles 20, 77, 105, and 129 of the Mortgage Law, as also the closing paragraph of article 175 of the regulations for its execution, and section 1777 of the Civil Code.

The registrar, having been requested to report thereon, he alleged as follows:

"It is not a question of the title on which the mortgage is constituted, nor of the record thereof, nor of the summary proceedings for its foreclosure, but of the admission to record of the deed of award of the foreclosed joint ownership.

"Subsequently to the date of the certificate issued by this registry, to which reference is made, namely, October 18 last, on the strength of a certificate of purchase made to The People of Porto Rico for taxes due by the estate, Alejandrina Blanco recorded in her favor the joint-ownership represented in said estate by Manuel Arán, cautionary notice of the difference being entered in her favor, it thus appearing that said Alejandrina Blanco has recorded and entered in her favor the whole of the estate, a joint ownership whereof Hernández Mena seeks to record in his name.

"The cautionary notice in favor of Mrs. Blanco continues effective and may be converted by her into a final record within the term fixed by the law."

There is no need of an extended discussion of the principles of law involved in this case to reach the conclusion that the registrar has not committed the violations specified by the appellant. The grounds adduced by said official are sufficient to sustain his decision.

It is true that a mortgage, directly and primarily, subjects the property on which it is imposed, no matter who may be its owner, to the fulfilment of the obligation for the security of which it was constituted; but in the present case, in order to apply such principle for the purpose of determining the right of the appellant, account must be had of the fact that there existed a mortgage entitled to priority over the one from which he derived his right, namely, the one constituted in favor of The People of Porto Rico to secure the payment of taxes. As these were not paid the estate was sold, and having been acquired by Alejandrina Blanco, she had her right recorded and entered at the registry of property in the manner indicated by the registrar. In accordance with the law she, a person other than the one against whom foreclosure pro-

ceedings were instituted and in whose name the marshal had executed the deed, appears as owner of the estate, and in thus holding and for this reason refusing to record the aforesaid deed, the registrar did not violate, but has correctly applied, article 20 of the Mortgage Law.

The appeal should be dismissed and the judgment affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.